AO 91 (Rev. 11-11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| KILLIAN FRANCIS, | ) | Case No. 20-6388-STRAUSS |
| | ) | |
| | ) | |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of July 23, 2020 in the county of Broward in the Southern District of Florida, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 846 and 841(b)(1)(A). | Conspiracy to Possess with Intent to Distribute 50 Grams or more of Methamphetamine |

FILED BY ___AT___ D.C.

Aug 27, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

This criminal complaint is based on these facts:

See attached affidavit.

☒ Continued on the attached sheet.

*Complainant's signature*

SPECIAL AGENT JAMES MITCHELL, FBI
*Printed name and title*

Sworn and subscribed telephonically

Date: 08/27/2020

*Judge's signature*

City and state: Fort Lauderdale, Florida   JARED M. STRAUSS, U.S. MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT

I, James Mitchell, being duly sworn, depose and state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and have been since October 2012. I am currently assigned to the Safe Streets Task Force Squad of the FBI's Miami Division where my duties include investigating narcotics trafficking, money laundering, murder, assault, weapons possession, interstate transportation of stolen goods, organized crime, identity theft, and human trafficking. During my tenure with the FBI, I have participated in numerous narcotics investigations. I am familiar with narcotic traffickers' methods of operation, including the manufacture, storage, transportation, and distribution of narcotics, the collection of money that represents the proceeds of narcotic trafficking, and money laundering. Through my training, education, and experience, I have become familiar with the manner in which narcotic traffickers operate, and the efforts of those involved in such activity to avoid detection by law enforcement.

2. The information contained in this Affidavit is submitted for the limited purpose of supplying probable cause to believe that on or about July 23, 2020, KILLIAN FRANCIS did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown, to possess with intent to distribute 50 grams or more of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A); all in violation of Title 21, United States Code, Section 846. Because of its limited purpose, this Affidavit does not contain all the information known to law enforcement regarding this investigation. This Affidavit is based on personal knowledge as well as information provided to me by other law enforcement officers.

3. In or about February 2020, law enforcement encountered an individual using drugs in a parking lot in Lauderhill, Florida. The individual advised law enforcement of an individual

1

named "Keata," who was selling drugs in the Lauderhill area and supplied a phone number for "Keata," later identified as Lakeata Williams. Using the phone number, and additional numbers provided by Williams, an undercover law enforcement officer ("UC") made contact with Williams, posing as a buyer of narcotics.

4. On or about July 16, 2020, the UC received a text message from Williams, advising that she had narcotics for sale.

5. On or about July 20, 2020, the UC texted Williams and said he wanted 2 ounces of methamphetamine and would be there around July 23, 2020. Williams confirmed.

6. On July 23, 2020, at approximately 5:09 p.m., the UC sent Williams a text to say he was approximately 20-30 minutes away. There was no reply. At approximately 5:18 p.m., the UC attempted to call Williams, but there was no answer. At approximately 5:44 p.m., the UC began receiving calls from a new number. The UC did not answer immediately, but at approximately 5:46 p.m., the UC answered the call, which was from Williams, who explained she had dropped her old phone and was now using a new phone number. Williams told the UC to come to her location.

7. At approximately 5:52, the UC arrived at the apartment complex at 4760 NW 24th Court, called Williams, and told her he was in the parking lot. Immediately thereafter, law enforcement officers conducting surveillance observed a black male exit Apartment 204 and approach the UC's car without making any stops. The male was identified as KILLIAN FRANCIS by one of the surveillance officers who had previously interacted with FRANCIS as part of a separate investigation, and the identification was confirmed by later comparison with FRANCIS' Florida Driver's license photograph.

8. As FRANCIS approached the UC's car, he withdrew a clear plastic bag containing a substance that later tested positive for 100% pure methamphetamine and handed it to the UC.

2

Before giving the money to FRANCIS, the UC said he needed to weigh the drugs. FRANCIS entered the UC's car while the UC weighed the drugs and found them to weigh approximately 53 grams, which was less than the agreed amount of 56 grams (or 2 ounces). FRANCIS asked if the UC wanted additional grams of methamphetamine to make up the deficiency, and the UC agreed and gave FRANCIS $1,600. FRANCIS also told the UC the price would be $2,000, and the UC told him the price was higher than agreed. At this point, the UC called Williams and put the call on speaker. Williams advised that the higher price was due to the difficulty of getting drugs at this time, and the UC agreed and ended the call. The UC gave FRANCIS the remaining $400 and FRANCIS left the UC's car.

9. Thereafter, surveillance officers observed FRANCIS leave the UC's car and enter the Apartment 204 for a few minutes. FRANCIS then exited Apartment 204 and walked directly back to the UC's car. FRANCIS knocked on the UC's driver's side window. When the UC rolled down the window, FRANCIS handed the UC another bag containing approximately 3 grams of suspected methamphetamine.

10. Based on the foregoing facts and information, your Affiant respectfully submits that there is probable cause to believe that on or about July 23, 2020, KILLIAN FRANCIS did knowingly and willfully combine, conspire, confederate, and agree with others known and

unknown, to possess with intent to distribute 50 grams or more of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A); all in violation of Title 21, United States Code, Section 846.

FURTHER YOUR AFFIANT SAYETH NOT.

JAMES MITCHELL, SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

Attested to by the applicant telephonically in accordance
with the requirements of Fed. R. Crim. P. 4.1
this 27th day of August, 2020

JARED M. STRAUSS
UNITED STATES MAGISTRATE JUDGE